UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT THRASH

      Petitioner,

v.                                                        Civil Case No. 06-10151
                                                       Criminal Case No. 03-80065
                                                       Hon. Victoria A. Roberts

UNITED STATES OF AMERICA,

      Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF
PURSUANT TO 28 USC §2241**

      This matter is before the Court on Petitioner's Motion for relief pursuant to 28 USC §2241.[1]

      On August 11, 2003, the Petitioner pled guilty to distributing cocaine. He was sentenced to 90 months following a Rule 35 motion for downward departure. While incarcerated, the Petitioner completed the Bureau of Prison ("BOP") Residential Drug Abuse Treatment Program. Pursuant to 18 USC §3621(e)(2)(B), the Petitioner sought a one-year reduction in his sentence for completing the program. He claims he was denied the reduction based on 28 CFR §550.58, because he received a sentence enhancement under USSG §2D1.1(b)(1) for possession of a firearm in connection with his offense.

---

[1] The Petitioner asked for relief pursuant to 28 USC §2255. However, the motion is properly construed as one filed pursuant to 28 USC §2241.

1

The Petitioner relies on *Hobbs v. Hemingway*, No. 04-CV-70678-DT (E.D. Mich. July 16, 2004) to argue that the BOP must grant him the one year reduction because he successfully completed the drug abuse program. Alternatively, the Petitioner asks the Court to strike the sentencing enhancement for possession of a firearm to enable him to seek the reduction.

The Petitioner relies on this Court's ruling in *Hobbs* to conclude that he is entitled to a one year reduction in his sentence under §3621(e)(2)(B). Although the petitioner's motion was granted in *Hobbs,* the Court did not require the BOP to grant the reduction. It was only required to reconsider the reduction without regard to §550.58 because the Court found §550.58 was enacted in violation of the Administrative Procedures Act ("APA").

Since *Hobbs*, and based in part on the Sixth Circuit decision in *Dismas Charities, Inc. v. United States Department of Justice, Federal Bureau of Prisons*, 401 F.3d 666 (6th Cir. 2005), this Court held the BOP could deny a reduction under §550.58 where it was applied to the prisoner after December 22, 2000 - the date the regulation was properly promulgated under the APA. *Sizemore v. Marberry*, No. 04-CV-72282-DT (E.D. Mich. July 14, 2005).

The Petitioner entered the program after December 22, 2000. He was denied the reduction pursuant to §550.58 after that date. Therefore, the Petitioner is not entitled to reconsideration by the BOP of its denial of a one year reduction in his sentence for completion of the drug abuse program based on an alleged APA violation.

Additionally, without considering whether the Court has the authority to do so, there is no basis for the Court to revisit the Petitioner's sentencing and eliminate the

enhancement so that Petitioner can become eligible for the reduction under §550.58.

Consequently, the Petitioner's Motion for relief under 28 USC §2241 is **DENIED**.

**IT IS SO ORDERED.**

>     s/Victoria A. Roberts
>     **Victoria A. Roberts**
>     **United States District Judge**

**Dated:  February 17, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 17, 2006.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**